IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINTON M. MCCLEESE,** | : | CIVIL ACTION NO. 1:22-CV-910 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PAIGE COGNETTI**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Quinton M. McCleese, who is incarcerated in Albion State Correctional Institution, alleges that his civil rights were violated when he was formerly incarcerated in Lackawanna County Prison. McCleese alleges that he fell on a wet floor in the prison's gym and suffered injuries to his back, leg, and toe and that prison staff failed to adequately treat his injuries. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The complaint will be dismissed with prejudice with respect to defendant Lackawanna County Prison and dismissed without prejudice with respect to all other defendants.

## I.      Factual Background & Procedural History

McCleese initiated this case through the filing of a complaint in the United States District Court for the Western District of Pennsylvania on March 10, 2022. (Doc. 1-1). The case was transferred to this district on June 2, 2022. (Doc. 4).

According to the allegations in the complaint, the vents in the gym at Lackawanna County Prison were leaking water sometime in April 2020, which caused McCleese to slip and fall. (Doc. 1-1 at 4-5). A sergeant in the prison allegedly placed McCleese in a wheelchair after the fall and prison staff gave him Tylenol and a knee brace, but no other treatment was allegedly provided. (Id. at 5). As a result of the fall, McCleese allegedly suffered a broken toe. (Id.) The fall has also allegedly caused him constant back pain, has caused his left leg to "keep[] giving out," and has caused his hips to "keep coming out of place." (Id.) The complaint further alleges that McCleese's toe "is sideways now." (Id.) The complaint names as defendants Lackawanna County Prison; William Shanley, the deputy warden of Lackawanna County Prison; Paige Cognetti, the mayor of Scranton, Pennsylvania; and "Wellpath."[1] (Id. at 2-3). The complaint seeks $250,000 in damages. (Id. at 5).

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[1] Wellpath's role is not identified in the complaint, but the court takes judicial notice that Lackawanna County Prison has contracted with Wellpath LLC to provide medical services for the prison. See LACKAWANNA COUNTY, https://lackawannacounty.org/ (search "Wellpath" and click link to untitled PDF) (last visited July 7, 2022). We liberally construe the complaint's reference to Wellpath as a reference to Wellpath LLC.

1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

McCleese brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

See <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002); <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  <u>Id.</u> (quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995)).

      Having reviewed McCleese's complaint, we find that it fails to state a claim upon which relief may be granted.  McCleese's claim against Lackawanna County Prison fails because Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights and county prisons are not persons subject to suit under Section 1983.  <u>See</u>, e.g., <u>Edwards v. Northampton County</u>, 663 F. App'x 132, 136 (3d Cir. 2016); <u>Lenhart v. Pennsylvania</u>, 528 F. App'x 111, 114 (3d Cir. 2013); <u>Heizman v. Dauphin Cty. Prison</u>, No. 1:20-CV-1565, 2021 WL 4317989, at *3 (M.D. Pa. Sept. 23, 2021); <u>Armstrong v. Dauphin Cty. Prison</u>, No. 1:20-CV-1282, 2021 WL 229610, at *1 (M.D. Pa. Jan. 22, 2021).

      McCleese's claims against defendants Shanley and Cognetti fail to state a claim upon which relief may be granted because McCleese fails to allege their personal involvement in the alleged civil rights violations.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  <u>Jutrowski v. Twp. of Riverdale</u>, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence.  <u>Id.</u>  Here,

4

McCleese's complaint names Shanley and Cognetti as defendants, but does not make any factual allegations against them.  (See Doc. 1-1).  Thus, it appears that the claims against Shanley and Cognetti are solely based on a theory of *respondeat superior* arising from their supervisory roles as deputy warden of Lackawanna County Prison and mayor of Scranton, Pennsylvania, which is not sufficient to allege personal involvement.  See Rode, 845 F.2d at 1207.

      Finally, with respect to McCleese's claim against Wellpath, plaintiffs seeking to bring civil rights claims against a private corporation providing medical services to a jail must allege that the corporation had a "policy or custom that resulted in the alleged constitutional violations at issue."  Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)).  The complaint does not allege any policy or custom by Wellpath that allegedly caused violations of McCleese's civil rights.  Hence, the complaint fails to state a claim upon which relief may be granted against Wellpath.  See Palakovic, 854 F.3d at 232.

      Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We find that amendment of the claims against Lackawanna County Prison would be futile because the prison is not a person that may be sued under Section 1983.  But we find that leave to amend is appropriate with respect to McCleese's claims against the other defendants because his claims are factually, rather than legally, deficient.

5

## IV. Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. We will grant McCleese leave to file an amended complaint. In the absence of a timely filed amended complaint, this action will be dismissed without further leave to amend. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: July 7, 2022